IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

|  |  |  |
|---|---|---|
| Brenda Black, as Personal Representative of the Estate of David Posey, | ) ) ) | C.A. NO. _____ |
| Plaintiff, | ) ) ) | COMPLAINT (Jury Trial Demanded) |
| vs. | ) ) ) |  |
| Charles Angello, Ted Wojick, Christel Brown, Caleb Reeves, Christopher Fudge, Hillary Bentley, and Daniel Martin, | ) ) ) ) |  |
| Defendants. | ) ) |  |

The Plaintiff complaining of the Defendants herein, would respectfully show unto this Honorable Court and alleges as follows:

## JURISDICTION

1.     This is an action for money damages brought pursuant to 42 U.S.C.A. §§ 1983, et seq., and the Eighth Amendment to the United States Constitution, and under the common law, the statutory law against the Defendants.

2.     Subject matter jurisdiction is conferred upon the Court by 28 U.S.C.A. §§1331, 1367 (a), (b), (c), (d), and 1343, and 28 U.S.C.A. §§ 2201 and 2202.

## PARTIES

3.     Plaintiff, Brenda Black, as Personal Representative of the Estate of David Posey (hereinafter referred to as "Plaintiff"), is the surviving mother of the decedent, David Posey.  On January 21, 2022, the Plaintiff was duly appointed as personal representative of the Estate of David Posey by the Probate Court of Greenville County, South Carolina. The decedent was a pretrial detainee at the Greenville County Detention Center, located in Greenville County, South Carolina

1

(hereinafter "the facility").

4. Defendants Charles Angello, Ted Wojick, Christel Brown, Caleb Reeves, Christopher Fudge, Hillary Bentley, and Daniel Martin were, at all relevant times, employees of the facility responsible for classifications and housing decisions and/or for providing adequate protection and security for detainees housed in the facility, and are sued in their individual capacities. At all relevant times, these Defendants were persons acting in the course and scope of their duties as employees of the facility and were acting under the color of state law.

## JURISDICTION/VENUE

5. Plaintiff brings this action under 42 U.S.C. §§ 1983 to vindicate his rights guaranteed by the Eighth Amendment to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in this district under 28 U.S.C. § 1391 as the most substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

7. Jail officials have a federal constitutional duty (under the Eighth Amendment) to protect detainees and to not be deliberately indifferent to a detainee's serious medical needs. In this case the Plaintiff is informed and believes that (a) Defendants knew that the decedent was exposed to a substantial risk of serious harm to his physical safety; (b) the Defendants consciously failed to take reasonable measures to abate the risk; and (c) the decedent suffered serious injuries and death as a direct result thereof.

8. Jail correctional staff and officials have a federal constitutional duty (under the Eighth Amendment) to ensure inmates do not endure cruel and unusual punishment and treatment while incarcerated. In this case Defendants consciously failed to ensure that the decedent did not

2

endure cruel and unusual punishment and treatment.

9.      Plaintiff is informed and believes that prior to the events in question, the Greenville County Detention Center had a long history of overcrowding and failing to provide adequate security and supervision over the inmates located at the facility.  The facility also had a well-documented history of failing to supervise front line officers to ensure that policies were being followed, and that policy violations were being addressed.

10.      The Plaintiff is informed and believes that prior to the events in question, the South Carolina State Legislature commissioned and conducted security and staffing audits of the correctional system, including the facility. Findings of the investigation revealed a correctional system in chaos due to extreme shortages in staff and a lack of oversight as to the facility.  The investigations further concluded that these conditions resulted in the inmate population at the facility being exposed to dangerous living conditions, extreme violence, and cruel and unusual treatment. The Plaintiff is informed and believes that the results of these investigations were well known to the facility staff, administrators, supervisors and correctional personnel - to include the Defendants. Additionally, the Plaintiff is informed and believes that the conditions present during the time periods discussed in this Complaint are consistent with the findings of the prior investigations conducted.

11.      On September 13, 2021, David Posey was booked into the jail. Between the time the decedent entered the jail and the time of his death, he exhibited behavior which should have alerted Defendants of suicidal ideations and factors indicating he was at high risk of suicide.

12.      During booking on September 13, 2021, Mr. Posey explicitly told Defendants employees that he wanted to kill himself.  He continued to explicitly state such suicidal ideation

3

while at the jail up through the date of his suicide on January 3, 2022.  He exhibited other signs of suicidal ideation such as isolating and consistently refusing needed medication.  On January 2, 2022, just hours before his suicide, Mr. Posey made multiple suicidal comments.

13.     Notwithstanding, the above, Defendants ignored the obvious risk that the decedent planned to commit suicide and left him in a regular cell unattended and unsupervised on January 3, 2022.  Cell checks in which decedent was actually visually observed by and Defendants were not performed as required.  Defendant Angello admitted in his incident report following the incident that during the cell check prior to decedent being found, he did not stop at each of the units and did not stop to check to see if every detainee was breathing.

14.     While he was not being supervised and Defendants were outside of sight and sound of him, decedent attempted suicide by hanging on January 3, 2022.  Due to the lack of supervision, another detainee had to alert Defendants of Mr. Posey's suicide.  Mr. Posey succumbed to his injuries and was pronounced dead on January 4, 2022.  He experienced conscious pain and suffering prior to his death.

15.     The Defendants knew or should have known that their conscious failure to provide adequate security measures would result in unsafe conditions for the entire inmate population, to include the type of incident described herein at this specific facility.

16.     Additionally, the facility has a policy and practice of allowing violations of policies and procedures by employees pertaining to constant supervision of inmates and employees.

17.     Further, the supervisors at the facility have a pattern and practice of ignoring dangerous conditions and causing officers to be unreasonably far from the areas where they need to be located in order to properly supervise subordinate employees so as to be willfully absent.

4

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. The Plaintiff was only required to exhaust administrative remedies that were available to him. In this case, administrative remedies were unavailable to Plaintiff for various reasons, including that they were incapable of use to obtain relief, they operated as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates, they were so opaque that they were practically speaking incapable of use such that no ordinary prisoner could discern or navigate them, and prison administrators have a history of thwarting inmates from taking advantage of the grievance process through machination, misrepresentation, or intimidation.

19. For these reasons and others, administrative remedies were not available to the Plaintiff, and the Defendants failed to provide adequate security and supervision.

## CAUSES OF ACTION

### 42 U.S.C. Section 1983 Claim Against All Defendants

20. Plaintiff incorporates all paragraphs above as if fully stated herein.

21. At all relevant times, the Defendants were persons acting under the color of state law, and are sued in their individual capacities for violating the Plaintiff's decedent's constitutional rights afforded to him by the Eighth Amendment to the United States Constitution.

22. At the time of the incident at issue, the Plaintiff's clearly established rights under the United States Constitution were violated by the Defendants in numerous ways, including but not limited to:

    a)    In consciously failing to monitor the Plaintiff while incarcerated;

    b)    In failing to provide prompt medical assistance to him;

    c)    In failing to have the proper security checks performed to ensure inmate

5

safety;

d)   In failing to intervene to provide medical care and treatment;

e)   In consciously failing to have the proper policy and procedures necessary to ensure that detainees are provided basic and/or appropriate medical care and safety;

f)   In consciously and deliberately failing to properly monitor the inmates at the facility;

g)   In consciously and deliberately failing to properly staff and supervise the employees so as to ensure the safety of the inmates located at the facility;

h)   In consciously and deliberately failing to protect the Plaintiff from a known risk of serious harm;

i)   In consciously and deliberately failing to adhere to the policies and procedures of the facility;

j)   In being consciously and deliberately indifferent to the Plaintiff's health and safety;

k)   In being consciously and deliberately indifferent to the Plaintiff's right to be free from government conduct that shocks the conscience;

l)   In being consciously and deliberately indifferent to the Plaintiff's decedent's right to bodily integrity;

m)   In being consciously and deliberately indifferent to the Plaintiff's decedent's right to be free from cruel and unusual punishment and treatment;

n)   In being consciously and deliberately indifferent to the Plaintiff's decedent's health and safety after having knowledge of the dangerous condition and

6

failing to take reasonable measures to prevent it from occurring; and

o)    In any other manner to be proved in discovery and trial.

23.    The Defendants violated these clearly established rights in the ways described in summary form herein, and in ways that will be uncovered in discovery and at trial.

24.    At all relevant times, the Defendants had actual or constructive knowledge that the decedent was actively engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to himself. The response of the Defendants to that knowledge was so inadequate as to show deliberate indifference to, or express or tacit authorization of, the decedent's suicidal ideations and factors indicating he was at high risk of suicide. There was an affirmative causal link between the inaction of the Defendants and the particular constitutional injuries suffered by the decedent.

25.    The unconstitutional misconduct described herein was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for the decedent's clearly established constitutional rights.

26.    As a direct and proximate result of the above constitutional violations, the decedent suffered serious physical and emotional injury.

## DAMAGES

27.    Plaintiff incorporates all paragraphs from above as if fully stated herein.

28.    Plaintiff asks for judgment against Defendants for the following:

a.    For all available actual, compensatory, consequential, economic, noneconomic, and special damages permitted by law;

b.    For punitive damages;

c.    For attorneys fees and costs;

7

d.     For any other damages allowed by law; and

e.     For such other relief as the trier of fact deems just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Trial by jury is demanded as to all issues to the extent permitted by law.

Respectfully submitted,

September 11, 2024             By:     /s/ James A. Bradshaw
                                       Kyle White (Fed. Bar No. 11774)
                                       James A. Bradshaw (Fed. Bar No. 11680)
                                       Sarah Tamura (Fed. Bar No. 14174)
                                       WHITE, DAVIS, AND WHITE LAW FIRM, PA
                                       209 East Calhoun Street
                                       Post Office Box 1346
                                       Anderson, SC 29621
                                       Telephone: (864) 231-8090
                                       Facsimile: (864) 231-8006
                                       kyle@wdwlawfirm.com
                                       drew@wdwlawfirm.com
                                       saraht@wdwlawfirm.com

8